## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| FELICIA CUNNINGHAM, | DOCKET NUMBER |
| Appellant, | AT-844E-20-0572-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: August 6, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Felicia Cunningham, Oxford, Alabama, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her application for disability retirement benefits under the Federal Employees' Retirement System. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant asserted that she was unable to perform the duties of her position because of various "mental disabilities" including depression and anxiety caused by migraine headaches. Initial Appeal File (IAF), Tab 1 at 3-4. Below, the appellant concentrated her arguments on her migraine headaches, and the medical evidence in the record is focused on that condition. The administrative judge thus rightly focused his analysis on that claim. IAF, Tab 17, Initial Decision. We have considered whether the record evidence would support a finding that the appellant was disabled based on her other stated conditions, but the record evidence does not support such a finding. Specifically, the mere diagnosis of depression or an anxiety disorder is not informative enough to allow either OPM or the Board to conclude, based on the diagnosis alone, that an employee is disabled from useful and efficient service. *See Wilkey–Marzin v. Office of Personnel Management,* 82 M.S.P.R. 200, ¶ 10 (1999) (finding that the mere existence of diagnosed major depressive disorder and post-traumatic stress disorder is not, by itself, dispositive evidence of the appellant's inability to perform the duties of her position).

The appellant claims in her petition for review that the administrative judge improperly allowed the OPM file, which was untimely filed by 2 days, to remain in the record.[2]  Petition for Review (PFR) File, Tab 1 at 4.  In the August 21, 2020 Summary of the Prehearing Conference, the administrative judge specifically noted that OPM's file was in evidence and provided the appellant an opportunity to make corrections to the summary.  IAF, Tab 15 at 3.  The appellant did not make corrections to the summary or object to the inclusion of OPM's file in evidence, and it is too late for her to do so on review.  *See Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 16 (2014) (stating that the appellant's failure to object to an administrative judge's ruling precludes him from doing so on review); *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012) (stating that the appellant's failure to object and make corrections to the administrative judge's order precludes her from doing so on review).  Moreover, OPM's file contains much of the medical evidence which we carefully reviewed to determine whether the appellant met her burden of proving her entitlement to disability retirement benefits.[3]  Thus, the appellant has not shown how the actions taken by the administrative judge adversely affected her substantive rights.  *See Karapinka v. Department of Energy,* 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

The appellant also argues on review that the administrative judge did not consider her use of sick leave in assessing her entitlement to disability retirement benefits.  PFR File, Tab 1 at 4.  The record shows that between December 2017

---

[2] In her petition for review, the appellant describes her argument as a due process claim, but we do not discern how her due process rights were violated by the administrative judge accepting OPM's file into the record.  Petition for Review File, Tab 1 at 3.

[3] If OPM's file was not accepted into the record, the record would contain almost no medical evidence regarding the appellant's conditions.  Because it is her burden to prove her entitlement to disability retirement benefits, the lack of such evidence could have harmed the appellant.  We do not, however, condone OPM's failure to timely submit its file.

and August 2019, just prior to her resignation, the appellant used 153 hours of sick leave, an average of slightly less than 9 hours a month. IAF, Tab 9 at 90-93. We do not find that the appellant's sick leave use supports a finding of entitlement to disability retirement benefits.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.